**In the Matter of Brian B. BALDWIN**

No. 55S00–0408–DI–355.

Supreme Court of Indiana.

July 15, 2005.

*ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating a proposed discipline of Public Reprimand and agreed facts as summarized below:

The respondent entered a contingent fee agreement with a client. The agreement called for a fee if there was a recovery. Prior to recovery the respondent collected in various installments $8,000 from the client as "advancements" against any recovery. Prior to disposition of the case, the respondent withdrew as his client's counsel, and stated that he was keeping the $8,000, claiming the value of his services was in excess of $8,000. The respondent denied his client's requests to have his advances refunded. The client retained other counsel who negotiated a settlement and accepted a reduced fee and acknowledged that the respondent had already laid the groundwork for the settlement. The client ended up paying less in legal fees than he would have paid respondent under the terms of the original contingency fee agreement.

The Commission and Respondent agree that respondent violated Prof.Cond.R.1.5 (a) and Prof.Cond.R.1.8 (a). He violated Rule 1.5(a) because his entitlement to any fee in his client's matter had not yet ripened and his retention of the funds received against the fee was unreasonable. And he violated Rule 1.8(a) by entering into a business transaction with his client, in effect a loan, without complying with this rule.

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline. Costs of this proceeding are assessed against the respondent. The Clerk of this Court is directed to serve notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to the hearing officer appointed in this matter.

Chief Justice SHEPARD and Justice DICKSON dissent, believing that the sanction is inadequate because the engagement agreement did not entitle

respondent to any fee under these circumstances and yet respondent retained $8,000.